Case 2:19-cv-00272 Document 20 Filed on 05/14/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESSE LEE RAMIREZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-272 |
| § | |
| THE STATE OF TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR RELIEF FROM THE FINAL JUDGMENT**

Plaintiff Jesse Lee Ramirez, a Texas prisoner, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Hearing Motion to Proceed *In Forma Pauperis*, Motion for an Order to Transfer Plaintiff from Kleberg County Custody, Motion for Conflict of Interest, and Motion for Reading and Counsel, which the undersigned construes entirely as a motion for relief from the final judgment. (D.E. 19). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied.

**I.       BACKGROUND.**

Plaintiff filed this *pro se* complaint under 42 U.S.C. § 1983. In a Notice of Deficient Pleading mailed on September 19, 2019, Plaintiff was notified that he must submit either the $400 filing fee or a trust fund account statement (or institutional equivalent). (D.E. 5). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution.

Having received no response from Plaintiff, United States Magistrate Judge Ellington issued an order to show cause on October 21, 2019, ordering him to show cause within 20 days why his lawsuit should not be dismissed for want of prosecution. (D.E. 8 at 1). Plaintiff was warned that failure to comply with the order would result in the dismissal of his lawsuit under Federal Rule of Civil Procedure 41. (Id. at 1-2). Plaintiff, to this date, has never complied with the Court's orders to submit either the $400 filing fee or a trust fund account statement, which was the reason for the recommended dismissal.

On November 21, 2019, United States Magistrate Judge Ellington issued a Memorandum and Recommendation (November 21, 2019 M&R), recommending that Plaintiff's complaint be dismissed. (D.E. 12). On December 30, 2019, United States District Judge Nelva Gonzales Ramos adopted November 21, 201and dismissed this case without prejudice. (D.E. 15). That same day, Judge Ramos issued a final judgment in this case. (D.E. 16).

## II.     DISCUSSION.

On May 12, 2020, Plaintiff filed a Motion for Hearing Motion to Proceed *In Forma Pauperis*, Motion for an Order to Transfer Plaintiff from Kleberg County Custody, Motion for Conflict of Interest, and Motion for Reading and Counsel. (D.E. 19). Therein, Plaintiff proceeds to ramble in eighty-one (81) pages about various issues he alleges are occurring at the facility where he is being housed. Plaintiff's filing is confusing and difficult to comprehend, but seems to re-argue the matters argued in his complaint (D.E. 1) and brief (D.E. 2).

Plaintiff has filed this motion nearly five months after the final judgment was entered. He provides nothing to suggest that any additional information will prove helpful in connection with this case. The undersigned finds that Plaintiff's motion as presented is more appropriately construed as a motion for reconsideration of the Court's final judgment.

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan.1981)). But "it goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Ramirez] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); see also *Wallace v. Magnolia Family Servs.*, L.L.C., Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

Rule 60(b) motions are typically committed to the sound discretion of the district court. See *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)). And, because "denial of a 60(b)(6) motion is reviewed only for abuse of discretion," " '[i]t is not enough that the granting of relief might have

been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion.' " *Travelers*, 38 F.3d at 1408 (quoting *Seven Elves*, 635 F.2d at 402; footnote and citation omitted).

Plaintiff has failed to convince the undersigned that he is entitled to relief under any of the Rule 60(b) provisions, as is his burden. Further, he has never complied with the Court's previous orders regarding his first motion/application to proceed *in forma pauperis*. Plaintiff, therefore, is not entitled to relief from the final judgment entered in this case.

## III. RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion, construed as a Rule 60(b) motion for relief from judgment (D.E. 19), be DENIED.

ORDERED this 14th day of May, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).